LEE S. TUCKER and LONEY P. TUCKER, his wife, and W. M. TUCKER and HATTIE LOU TUCKER, his wife, and LEE S. TUCKER and W. M. TUCKER, as co-partners doing business as TUCKER MORTGAGE REALTY CO., v. EDWARD C. LACEY.

35 So. (2nd) 724                                          June Term, 1948
June 15, 1948                                             Division A
Rehearing denied July 2, 1948

*Cleveland, Sibley & Davis* and *John F. Allison,* for appellants.

*Harry Gordon,* for appellee.

TERRELL, J.:

In February, 1944, appellee, Edward C. Lacey, placed $550 earnest money in the hands of appellants, Lee S. Tucker and W. M. Tucker, real estate brokers, with the request that they purchase for him Lots 1 and 2, Block 21, Altos Del Mar, a subdivision in Miami Beach, at a price of $5,500.00. Appellants immediately commenced negotiations to purchase said lots as per instructions but found that they could not be purchased without the purchase of other lots. They ultimately succeeded in purchasing them along with Lots 11 and 14, Normandy Beach, another subdivision in Miami Beach, and Lot 12, Block 52, north of the City of Miami for $6,800.00 and took title to all of said lots in their individual names. They later sold said lots for $16,000.00.

This suit was instituted by bill in equity on the part of Lacey naming appellants as defendants. It detailed the foregoing facts and prayed that a trust be imposed upon the funds and other assets in the hands of defendants in favor of the plaintiff, that an accounting be ordered to determine the sums due plaintiff by defendants and that defendants be re-

quired to pay plaintiff all damages suffered by them by reason of the sale of the properties described in the bill of complaint. At final hearing on bill and answer the chancellor found that appellants should account to appellee for the profits derived from the Altos Del Mar property, the Normandy Beach property and the City of Miami property. This appeal is from the final decree so entered.

The point for determination is whether or not the court committed error in requiring appellants to account for profits on all the properties purchased by defendants or should the accounting have been limited to the Altos Del Mar property.

Appellants and appellee all rely on the principles stated in Quinn v. Phipps, 93 Fla. 809, 113 So. 420, 54 A.L.R. 1173 and Van Woy v. Willis, 153 Fla. 189, 14 So. (2nd) 185, to support their contention. The essential facts are not in dispute. It appears that appellee was interested only in the Altos Del Mar property. He turned his money over to appellants to purchase that property and no other property and knew nothing of the negotiations that resulted in the purchase of the other property. It was entirely unrelated to the other properties so it would seem to follow that no fiduciary duty passed from appellants to appellee in relation to any other property.

The master was correct in his finding that a fiduciary relation existed between the parties and that appellants should account to appellee for profits on the Altos Del Mar property. The chancellor should have so decreed or in the event the evidence was not sufficient on which to predicate such a decree he should have recommitted the cause to the master for better statement of an account as to profits on the sale of the Altos Del Mar property. The decree appealed from is therefore affirmed as to profits on the Altos Del Mar properties but it is reversed as to the profits on the Normandy Beach property and the City of Miami property.

Affirmed in part, reversed in part.

THOMAS, C. J., CHAPMAN and SEBRING, JJ., concur.